| |
|---|
| **Ativos Especiais II - Fundo de Investimento em Direitos Creditórios - NP v Pope** |
| 2024 NY Slip Op 33066(U) |
| August 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655972/2023 |
| Judge: Margaret A. Chan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. MARGARET A. CHAN**                PART                     **49M**

*Justice*

-----------------------------------------------------------------------X

ATIVOS ESPECIAIS II - FUNDO DE INVESTIMENTO EM DIREITOS CREDITORIOS - NP, ATIVOS ESPECIAIS III - FUNDOS DE INVESTIMENTO EM DIREITOS CREDITORIOS - NP,

Plaintiffs,

- v -

KENNETH STEVEN POPE,

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655972/2023 |
| MOTION DATE | 01/03/2024, 01/22/2024, 04/16/2024 |
| MOTION SEQ. NO. | 002 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 49, 55, 122

were read on this motion to/for _____ ORDR CONFIRM ORDER ATTACHMENT _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 57, 58

were read on this motion to/for _____ DISCOVERY _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85

were read on this motion to/for _____ JUDGMENT - DEFAULT _____ .

This action arises from defendant Kenneth Steven Pope's failure to pay plaintiffs pursuant to the terms of a business contract that defendant personally guaranteed. The court previously granted plaintiffs' motion for an order of attachment against several accounts owned by defendant at several non-party financial institutions (NYSCEF # 18, Order Granting Attachment). However, plaintiffs soon discovered the garnished accounts held significantly less money than believed, leading plaintiffs to suspect defendant had frustrated attempts to collect by transferring money out of his accounts. At the same time, defendant's former counsel attempted to withdraw via notice of consent to change attorney rather than a motion to withdraw, leading plaintiffs to assert that the withdrawal was procedurally improper and that defendant's acts as a *pro se* were invalid.

Plaintiffs now bring three separate motions: first, a motion to confirm the order of attachment (MS 002); second, a motion for an order of disclosure against the non-party financial institutions that are holding defendant's accounts (MS 003);

**655972/2023  ATIVOS ESPECIAIS II - FUNDO DE INVESTIMENTO EM DIREITOS CREDITORIOS - NP ET AL vs. POPE, KENNETH STEVEN**
**Motion No.  002 003 004**

**Page 1 of 6**

1 of 6

and finally, a motion for default judgment against defendant due to his counsel's failures to respond to the motion to confirm attachment (MS 004).

As an initial matter, according to plaintiffs, this case has been effectively stayed by a parallel bankruptcy proceeding against defendant's affiliate since June 14, 2024, but the stay was lifted recently (*see* NYSCEF # 123, Aug. 14, 2024 Letter from Pltfs). Specifically, SouthRock Capital Ltda. (SouthRock), of which defendant is the CEO, is currently seeking Chapter 15 recognition of its Brazilian bankruptcy in the Southern District of Texas (*id.* at 1). SouthRock moved to extend the bankruptcy automatic stay to cover defendant as an individual (*id.*). Plaintiffs claim that the parties in that case "entered a stipulation at the bankruptcy court's request to 'maintain the status quo with respect to requested relief' as to [defendant]" until the bankruptcy court could decide the motion to extend (*id.*). That included "not [taking] any action against [defendant] in the case before this Court" (*id.* at 1-2). However, on August 1, 2024, SouthRock withdrew its motion to extend, leading plaintiffs to file a letter in this case explaining these bankruptcy proceedings and asserting that the bankruptcy would not affect this action (*id.* at 2).

None of the parties informed this court that there was a federal bankruptcy until the above letter. The parties (and plaintiffs in particular, given that they are represented) are reminded that they must inform the court of pending bankruptcy proceedings that could affect the action. They should not wait until after it is confirmed that those proceedings are irrelevant — particularly where, as here, the court could potentially grant a default judgment and thus fully unravel the parties' stipulation to "maintain the status quo."

## MS 002: Motion to Confirm Attachment

Plaintiffs move to confirm the earlier-granted order of attachment pursuant to CPLR 6211 (NYSCEF # 18, Order of Attachment) and reduce their undertaking to $45,000 (*see* NYSCEF # 36, Pltfs' MOL on Confirmation). Plaintiffs' request to reduce the undertaking was granted after a May 14, 2024 hearing on these motions (NYSCEF # 86, May 14, 2024 Hearing Order). Thus, the only issue remaining is whether to confirm the order of attachment. Defendant does not meaningfully oppose this motion, making only brief references to it in his answer (*see* NYSCEF # 88, Answer, at 3-4, 35-36).

On a motion to confirm attachment, plaintiffs must show (a) a probability of success on the merits of the underlying action; (b) they have a valid ground for attachment as provided in CPLR 6201; (c) the amount they demand exceeds defendant's counterclaims; and (d) there is a continuing need for the attachment (CPLR 6212 [a] [setting out the first three requirements]; *see* CPLR 6211 [b] [requirements of CPLR 6223 (b) apply to motions to confirm]; CPLR 6223 [b] [plaintiffs must also show "the need for continuing the levy"]).

**655972/2023  ATIVOS ESPECIAIS II - FUNDO DE INVESTIMENTO EM DIREITOS CREDITORIOS - NP ET AL vs. POPE, KENNETH STEVEN**
**Motion No.  002 003 004**

**Page 2 of 6**

2 of 6

Plaintiffs meet all four requirements here. As the court already found by granting the original order of attachment, plaintiffs are likely to succeed on the merits. Plaintiffs plead defendant breached certain "Capital Commitment Letters" under which he personally agreed to repay certain of plaintiffs' investments upon the occurrence of specified "Trigger Events" (NYSCEF # 1, Complaint, ¶¶ 22, 30; *see also* NYSCEF #s 3 & 5, Capital Commitment Letters). Plaintiffs attached to their complaint notice letters indicating that Trigger Events had occurred (*see* NYSCEF #s 6–8). However, defendant did not pay plaintiffs (*see* NYSCEF # 14, Tomas Jatoba's Aff, ¶¶ 8, 18). There is no indication on the docket that defendant has paid plaintiffs since the original order, and defendant all-but admits that he has not done so pursuant to his understanding of Brazilian bankruptcy law (*see* NYSCEF # 88, Answer, Response to ¶ 42 ["The borrower filed for a Brazil Judicial Restructuring process on Oct. 31st, 2023, for protections from Creditors and all obligations related to these entities are governed under Brazil law and jurisdiction and are subject to the Brazil Judicial Restructuring process which is ongoing and the associated stay periods currently in effect."]).

Plaintiffs also easily meet the second requirement. Under CPLR 6201(1), defendant is a "nondomiciliary residing without the state." Plaintiffs proved as much in their original motion by submitting excerpts from defendant's May 2023 deposition in another case (NYSCEF # 12, MOL on Attachment, at 8). Plaintiffs have filed other documents in relation to other motions on the docket indicating he still lives in Brazil, including his answer in an unrelated case in Texas in which he provides a Brazilian address as his primary residence (*see* NYSCEF # 75, Answer in *Banco Modal S.A.* Case, at 3).

As for the third requirement, defendant recently filed an answer in this case that does not include any counterclaims. As a result, plaintiffs' demand exceeds defendant's (*see* NYSCEF # 88).

Finally, there is a continuing need for attachment. Plaintiffs wrote in support of their original motion that defendant "has the financial sophistication" to move and hide his assets, necessitating attachment on his accounts (*see* NYSCEF # 12 at 9-11). Those fears appear to have borne fruit: as shown in the next motion, plaintiffs claim defendant showed them documents indicating that the garnished accounts should contain several million dollars (*see* NYSCEF # 48, MOL on Disclosure, at 2-3; NYSCEF # 46, Marcelo Mifano Aff ¶¶ 5-9). After the order of attachment, plaintiffs discovered the garnished accounts now contain roughly $40,000, indicating the money has either been moved or dissipated (*see* NYSCEF # 29, Dayton Aff, ¶ 12). Thus, there is continuing need for attachment.

Plaintiffs are therefore entitled to an order confirming attachment.

**655972/2023   ATIVOS ESPECIAIS II - FUNDO DE INVESTIMENTO EM DIREITOS CREDITORIOS - NP ET AL vs. POPE, KENNETH STEVEN**
**Motion No.  002 003 004**

**Page 3 of 6**

3 of 6

[* 3]

## MS003: Motion for Order of Disclosure Against Non-Party Financial Institutions

As noted above, defendant's garnished accounts contained just north of $40,000 rather than the several million that plaintiffs expected (*see* NYSCEF # 29 ¶ 12; NYSCEF # 48 at 2-3; NYSCEF # 46 ¶¶ 5-9). Plaintiffs brings this motion for an order of disclosure against the non-party financial institutions holding the garnished accounts to determine where the money went. The non-party financial institutions include Goldman Sachs & Co. LLC, Goldman Sachs Group Inc. (together "the Goldman Entities"), UBS Financial Services, Inc. (UBS), and Santander Bank, N.A., (together with UBS and the Goldman Entities, "Garnishee Banks"), as well as Clearing House Payments Company LLC, Clearing House Interbank Payments System, and the Federal Reserve Bank of New York (together with the two Clearing House Entities, "the Other Garnishees"). The information sought includes "documents relating to or concerning" (a) defendant or defendant's entities' transaction history from July 9, 2021 through the present; and (b) "any communications or correspondence between" defendant and his entities or agents on the one hand and any of the Garnishee Banks or the Other Garnishees on the other (NYSCEF # 50, OSC).

The Garnishee Banks' and Other Garnishees' responses were due February 15, 2024 (NYSCEF # 50). However, only UBS and the Goldman Entities responded (NYSCEF # 52, UBS Response; NYSCEF # 54, Goldman Entities' Responses). Those entities consented to producing "monthly account statements from [defendant]'s [accounts] for the period of July 2021 through December 2023," but objected to plaintiffs' second request for all communications and other correspondence (NYSCEF # 52 at 3; NYSCEF # 54 at 1). Meanwhile, defendant agreed in a separate stipulation not to oppose the order for disclosure (NYSCEF # 55, Stipulation, ¶ 6).

In reply, plaintiffs agreed to limit the requests against UBS and the Goldman Entities to just the monthly account statements, but "reserve their rights to seek additional information from UBS and Goldman Sachs including, if necessary, through further motion practice" (NYSCEF # 58, Plaintiffs' Reply, at 1-2). Plaintiffs also argues that the remaining Garnishee Bank (Santander Bank, N.A.) and the Other Garnishees have not responded and therefore do not oppose the motion, and so discovery should be granted against them in full (*id.*).

Plaintiffs are correct. Therefore, plaintiffs may obtain disclosure against the requested financial institutions as limited in plaintiffs' reply.

## MS 004: Motion for Default Judgment

This motion is denied. The motion for default judgment came about due to a procedural error in which defendant's counsel, Kaleb McNeely, attempted to withdraw via "consent to change attorney" rather than the correct device of motion to withdraw (*see* NYSCEF # 59, Consent to Change Attorney). Plaintiffs rejected

**655972/2023  ATIVOS ESPECIAIS II - FUNDO DE INVESTIMENTO EM DIREITOS CREDITORIOS -**     **Page 4 of 6**
**NP ET AL vs. POPE, KENNETH STEVEN**
**Motion No.  002 003 004**

4 of 6

[* 4]

the "consent to change attorney" as procedurally improper and asserted that McNeely was still technically defendant's attorney (NYSCEF # 60, Pltfs' Rejection). Nevertheless, defendant personally emailed the court on February 29, 2024 (his deadline to respond to the above motion to confirm attachment) to inform the court that he was representing himself and to request additional time to respond (NYSCEF # 73, Emails). The court did not respond, instead forwarding the message to plaintiffs and McNeely (id.). Eventually, plaintiffs moved for default judgment under two theories: (1) defendant's self-represented actions were procedurally invalid because McNeely still technically represented him, and (2) even if defendant were self-represented, he had failed to meet even a hypothetically extended deadline to answer and respond to the motion to confirm attachment (see generally NYSCEF # 64, Pltfs' MOL on Default Judgment).

The self-represented defendant eventually appeared at the conference on May 14, 2024 (see NYSCEF # 86 at 1). Defendant's status as a self-represented litigant was accepted, and defendant was given ten days to respond to plaintiffs' outstanding motions and answer or move to dismiss the complaint (id. at 2). This motion for default judgment was to be held in abeyance for those ten days pending defendant's response (id.).

Proceeding self-represented, defendant then timely filed his answer and response (albeit as one document) (see NYSCEF # 88). Therefore, plaintiff's motion for default judgment is denied.

## Conclusion

Pursuant to the above, it is hereby

ORDERED that plaintiffs' motion to confirm attachment (MS 002) is granted; and it is further

ORDERED that plaintiffs' motion for an order of disclosure (MS 003) is granted to the extent it requests "documents relating to or concerning the account records and/or transaction history of accounts held by Pope or the Pope Entities" (including the accounts at Goldman Sachs & Co. LLC and UBS Financial Services Inc. with certain enumerated account numbers in the motion) from July 9, 2021 through December 31, 2023" from UBS Financial Services, Inc., Goldman Sachs & Co LLC, and Goldman Sachs Group Inc.; and it is further granted in its entirety against Santander Bank, N.A., Clearing House Payments Company LLC, Clearing House Interbank Payments System, and the Federal Reserve Bank of New York; and it is further

ORDERED that plaintiffs' motion for default judgment (MS 004) is denied; and it is further

**655972/2023   ATIVOS ESPECIAIS II - FUNDO DE INVESTIMENTO EM DIREITOS CREDITORIOS - NP ET AL vs. POPE, KENNETH STEVEN**
**Motion No.  002 003 004**

**Page 5 of 6**

5 of 6

ORDERED that plaintiffs shall serve a copy of this Decision and Order with notice of entry on the Clerk of the Court in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page and on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that a preliminary conference to schedule discovery shall be held on September 25, 2024, at 11:30 a.m. or at such other time that the parties shall set with the court's law clerk.

| 08/30/2024 | | |
|---|---|---|
| DATE | | MARGARET A. CHAN, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

655972/2023  ATIVOS ESPECIAIS II - FUNDO DE INVESTIMENTO EM DIREITOS CREDITORIOS - NP ET AL vs. POPE, KENNETH STEVEN
Motion No.  002 003 004

Page 6 of 6

6 of 6